UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOLLY M., ) | |
| ) | |
| Plaintiff, ) | No. 23-cv-17007 |
| ) | |
| v. ) | Magistrate Judge Keri L. Holleb Hotaling |
| ) | |
| LELAND DUDEK, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

On August 9, 2017, Plaintiff Holly M.[1] protectively filed a claim for disability insurance benefits. [Administrative Record ("R.") R. 15.] After winding its way through the administrative process, an Administrative Law Judge ("ALJ") issued a January 6, 2020 decision finding Plaintiff not disabled. [R. 15-36.] Plaintiff appealed that decision to the District Court, and on June 17, 2022, Magistrate Judge Susan E. Cox remanded the case back to the Social Security Administration for further proceedings due to the ALJ's improper and incomplete assessment of Plaintiff's RFC at Step 4 of her decision. [R. 1321-26 at 1323.] Accordingly, the Appeals Council ("AC") vacated the first ALJ's decision, and remanded Plaintiff's claim for further proceedings. [R. 1335.] Upon remand, the matter again worked its way through the administrative process and, on August 23, 2023, a new ALJ, Jessica Inouye, issued another unfavorable decision for Plaintiff [R. 1152-75], which is now the final decision of the Commissioner; Plaintiff herein seeks review [Dkt. 1] of the same under 42 U.S.C.A. § 405(g).

Plaintiff contends ALJ Inouye erred in her decision in several respects, including the failure to analyze the effect of her headaches. [Dkt. 11 at 4-7 and Dkt. 14 at 1-3.] The Court was ready to

---

[1] In accordance with Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff only by her first name and the first initial of her last name(s).

remand on this basis, largely because "[t]he ALJ's summary of [P]laintiff's medical history that follows her RFC assessment is not adequate explanation for the limitations the ALJ found." *Andrea H. v. Kijakazi*, No. 20-cv-1828, 2023 WL 2403138, at *5 (N.D. Ill. Mar. 8, 2023). The Court simply cannot discern how the ALJ evaluated Plaintiff's headaches beyond merely summarizing them. However, upon a closer review of ALJ Inouyes's August 23, 2023 decision, it became clear that ALJ Inouye failed to analyze Plaintiff's headaches because ***she did almost no new analysis of anything in her decision*** – instead she practically copied "her" decision from the first ALJ, whose decision was vacated.

Pertinent here, the *Hearings, Appeals, and Litigation Law Manual* ("HALLEX")[2] provides "[i]f the Appeals Council remands a case to the hearing level after a court remand, it generally vacates the entire [ALJ] decision, and the ALJ must consider all pertinent issues *de novo*." HALLEX I-2-8-18, https://www.ssa.gov/OP_Home/hallex/I-02/I-2-8-18.html (last visited March 12, 2025). "A *de novo* decision is an independent determination ***made without deference to prior findings***." *Anthony L. v. Berryhill*, No. 17-cv-6608, 2019 WL 1354419, at *7 (N.D. Ill. Mar. 26, 2019) (emphasis added). Here, following Magistrate Judge Cox's remand, the AC vacated the first ALJ's January 6, 2020 decision and remanded the matter for further administrative proceedings. [R. 1335.] Upon remand, Plaintiff's case was assigned to a new ALJ, Jessica Inouye, for that *de novo* review and analysis.

Yet ALJ Inouye did no new analysis. Her August 23, 2023 decision is a nearly verbatim cut-and-paste job from the earlier ALJ's January 6, 2020 decision until Step Five where she completes a new analysis comprising only the last three pages of her twenty-four-page decision.

---

[2] HALLEX provides "guiding principles, procedural guidance, and information" to ALJs. HALLEX I-1-0-1 (last updated Mar 3, 2011), https://www.ssa.gov/OP_Home/hallex/I 01/I-1-0 1.html (last visited Mar. 17, 2025). The Court does acknowledge, however, that "[t]he Seventh Circuit has not determined whether the HALLEX is binding on the Commissioner like a Social Security Ruling is, and the circuits that have addressed it are split on the question." *Figueroa v. Astrue*, 848 F. Supp. 2d 894, n.4 (N.D. Ill. 2012) (citations omitted) (collecting cases).

2

[*Compare* R. 17-35 *with* R. 1154-72.] This is unacceptable following a court remand that explicitly found the first ALJ's RFC analysis insufficient, and the subsequent vacatur of that decision by the AC. [R. 1321-26, 1135.] Despite acknowledging the AC's directive to "issue a new decision," [R. 1135, 1152, 1230], ALJ Inouye copied the first eighteen pages of the first ALJ's opinion, including the faulty RFC analysis, nearly verbatim, with only a handful of insignificant word changes, as her "new decision." It is small wonder that Plaintiff again complains of problems with this "new" RFC analysis when it reappears in ALJ Inoyue's decision. ALJ Inouye's decision in no way constitutes "an independent determination made without deference to prior findings." *Anthony L.*, 2019 WL 1354419, at *7; *see also*, *Swedren v. Comm'r of Soc. Sec.*, No. 1:24-CV-796, 2024 WL 4956683, at *10 (N.D. Ohio Dec. 3, 2024), *report and recommendation adopted*, No. 5:24-CV-796, 2025 WL 35872 (N.D. Ohio Jan. 6, 2025) (ALJ's description of how he evaluated the opinion evidence showed "he viewed the prior ALJ's findings as a necessary starting point," which constituted "error because it shows that the ALJ 'did not perform a de novo review of the medical record…'"); *Dunn v. Comm'r of Soc. Sec.*, No. 1:17-cv-634, 2018 WL 4574831, at *3 (W.D. Mich. Sept. 25, 2018) (remanding where ALJ "did not 'start[ ] the process anew,'" but rather, because ALJ simply adopted the previous ALJ's RFC findings, "he did not perform a *de novo* review of the medical record…"); *Cassaday v. Comm'r of Soc. Sec.*, No. 1:17-cv-630, 2018 WL 4519989, at *3 (W.D. Mich. Sept. 21, 2018) (reversing where ALJ did not engage in an independent, *de novo*, review but instead gave deference to and adopted the findings from the earlier opinion).

The Court simply cannot allow a decision to stand where there was no true *de novo* review on remand. No reasonable mind would accept that ALJ Inouye scoured the record for any of the evidence detailed in "her" decision or engaged in any of the analysis that underlies "her" conclusions in this matter. *Deborah M. v. Saul*, 994 F.3d 785, 788 (7th Cir. 2021) (a reviewing court "requires only such relevant evidence as a reasonable mind might accept as adequate to

3

support a conclusion.") (cleaned up) (citing *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019)). The Court finds the Commissioner's August 23, 2023 decision is neither based upon substantial evidence nor the proper legal criteria. *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018); *Hess v. O'Malley*, 92 F.4th 671, 676 (7th Cir. 2024); *see also* 42 U.S.C. § 405(g). The Court must once again remand this matter for a true *de novo* analysis of Plaintiff's claims.

Additionally, given that ALJ Inouye had an opportunity to correct the errors identified by the AC but then resubmitted the exact language Magistrate Judge Cox took issue with (moreover, she wholly failed to do any of her own work in this regard, without acknowledging the adoption of large swaths of the earlier decision), the Court recommends Plaintiff's case be assigned to a different ALJ on remand. *Robert M. W. v. Saul*, No. 19-cv-3165, 2020 WL 6801842, at *11 (N.D. Ill. Nov. 19, 2020) (citing *Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996) (recommending reassignment)).

Thus, for the foregoing reasons, Plaintiff's Motion for Summary Judgment [Dkt. 11][3] is GRANTED and Defendant's motion [Dkt. 12] is DENIED. The case is remanded for further proceedings consistent with this Memorandum Opinion and Order and with Magistrate Judge Cox's remand order of June 17, 2022 at R. 1321-26.

ENTERED: March 27, 2025

                                                            Hon. Keri L. Holleb Hotaling
                                                            United States Magistrate Judge

---

[3] Plaintiff has filed a Brief in Support of Reversing the Decision of the Commissioner of Social Security [Dkt. 11], which the Court construes as a motion for summary judgment.